Filed 8/25/25  P. v. Monroe CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAMIE MONROE,<br><br>    Defendant and Appellant. | B334375<br><br>(Los Angeles County<br>Super. Ct. No. MA073532) |

APPEAL from an order of the Superior Court of Los Angeles County.  Robert G. Chu, Judge.  Affirmed.

Joanna McKim, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

————————————————————

## INTRODUCTION

In January 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) amended murder law to ensure liability is not imposed on a defendant who was not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life. The legislation also added what is now Penal Code[1] section 1172.6, which created a mechanism for defendants previously convicted of a qualifying homicide offense under the former law to petition for retroactive relief.

In April 2021, the People filed the operative information, charging defendant Jamie Monroe with two counts of murder. In January 2023, a jury convicted Monroe of one count of first degree murder, and it found true a robbery-murder special circumstance allegation. While her direct appeal was pending, Monroe petitioned for resentencing under section 1172.6, challenging her murder conviction. The court denied Monroe's petition without appointing counsel to represent her, finding she failed to make a prima facie showing of eligibility for relief.

On appeal, Monroe contends the court erred by summarily denying her petition without appointing counsel to represent her or affording her a hearing and the opportunity to file additional briefing. Because the People charged and tried Monroe well after Senate Bill No. 1437 went into effect, she is ineligible for relief under section 1172.6 as a matter of law. Any error in failing to appoint counsel to represent Monroe or in denying her the

---

[1] All further undesignated statutory references are to the Penal Code.

opportunity to submit additional briefing was, therefore, harmless.  Accordingly, we affirm.

## BACKGROUND

In April 2021, the People filed an information charging Monroe and a codefendant with, among other crimes, two counts of murder.  The People alleged numerous firearm allegations, as well as multiple-murder, lying-in-wait, and robbery-murder special circumstance allegations.

In January 2023, a jury convicted Monroe of one count of first degree murder, and it found true the robbery-murder special circumstance allegation.  The trial court sentenced Monroe to life in prison without the possibility of parole.

In March 2023, Monroe appealed her conviction.[2]  That appeal is still pending.

In August 2023, Monroe filed a petition for resentencing under former section 1170.95 (now section 1172.6), challenging her murder conviction.  Monroe asked the court to appoint counsel to represent her.  The court denied Monroe's petition without appointing counsel, finding Monroe failed to make a prima facie showing of eligibility for resentencing.

Monroe appealed the court's order denying her resentencing petition.

## DISCUSSION

We independently review a trial court's order denying a section 1172.6 resentencing petition at the prima facie stage. (*People v. Reyes* (2023) 97 Cal.App.5th 292, 297 (*Reyes*).)  In doing so, we must interpret section 1172.6 in a way that effectuates the

---

[2]    We grant Monroe's request for judicial notice of the record from her direct appeal of her underlying conviction.

3

Legislature's intent, while avoiding a construction of the statute that would produce absurd consequences that the Legislature could not have intended.  (*Ibid.*)

For a petitioner to be eligible for resentencing under section 1172.6, the following conditions must be met:  (1) a complaint, information, or indictment was filed against the petitioner allowing the prosecution to proceed under a now-invalid theory of murder; (2) following a trial, or the acceptance of a plea offer in lieu of a trial, the petitioner was convicted of murder, attempted murder, or manslaughter; and (3) the petitioner could not presently be convicted of murder or attempted murder because of changes to section 188 or 189 made effective January 1, 2019, by Senate Bill No. 1437.  (§ 1172.6, subd. (a).)

Once a petitioner files a facially sufficient resentencing petition, the trial court must, at the petitioner's request, appoint counsel to represent the petitioner.  (§ 1172.6, subd. (b); see also *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)  Once the court has appointed counsel and given the parties the opportunity for briefing, it may consider the record of conviction to determine whether the petitioner has made a prima facie showing of eligibility for relief.  (*Lewis*, at p. 957.)  Although the court may not engage in factfinding involving the weighing of evidence or exercise of discretion at the prima facie stage, it may deny a resentencing petition without issuing an order to show cause if the record contains facts refuting the petition's allegations.  (*People v. Patton* (2025) 17 Cal.5th 549, 563.)

We need not decide whether the trial court erred when it denied Monroe's petition at the prima facie stage without appointing counsel to represent her or affording her the

opportunity to file additional briefing.  Assuming there was error, it was harmless because Monroe is ineligible for resentencing under section 1172.6 as a matter of law.  (See *Lewis*, *supra*, 11 Cal.5th at pp. 973–974 [a petitioner " 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [she] had been afforded assistance of counsel [her] petition would not have been summarily denied without an evidentiary hearing" ' "].)

Here, the People filed the operative charging document— the information—in April 2021, well after Senate Bill No. 1437 went into effect and eliminated the now-invalid theories of murder.  Thus, throughout the period in which Monroe was charged, tried, and convicted, the prosecution was precluded from proving she was guilty of murder under an imputed malice theory.  In other words, the record conclusively establishes that Monroe is ineligible for relief under section 1172.6 as a matter of law.  (See *Reyes*, *supra*, 97 Cal.App.5th at pp. 297–298 [concluding defendant was ineligible for relief under section 1172.6 because the defendant was charged, tried, and convicted after Senate Bill No. 1437 went into effect].)  Any error in the court's decision to summarily deny Monroe's resentencing petition without appointing counsel to represent her or affording her the opportunity to file additional briefing was, therefore, harmless.

## DISPOSITION

The order denying Monroe's resentencing petition is affirmed.

VIRAMONTES, J.

WE CONCUR:

STRATTON, P. J.

WILEY, J.